# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LVNV FUNDING LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-1246** |
| **NICK COOPER** | **SECTION: T (2)** |

## ORDER

This case was removed to this Court by defendant, Nick Cooper ("Defendant"), on April 12, 2023. R. Doc. 1. Incorporated into Defendant's Notice of Removal are several counterclaims against Plaintiff pursuant to several federal laws including the Fair Debt Collection Practices Act, the Administrative Remedies Act, and False Claims Act. R. Doc. 1.

Plaintiff, LVNV Funding LLC ("Plaintiff") originally brought this suit in the 24th Judicial District Court for the Parish of Jefferson. R. Doc. 1-1. According to Plaintiff's Petition, Plaintiff is a collection agency who acquired all rights, title and interest in Defendant's bank card account, with an outstanding balance of $4,085.34, from Capital One Bank (USA), N.A. R. Doc. 1-1, p. 4. Plaintiff is a Delaware limited liability company and Plaintiff is a resident of Louisiana. R. Doc. 1-1.

After reviewing Defendant's Notice of Removal (R. Doc. 1) and its attachments, the Court was unable to discern whether it had proper subject matter jurisdiction over this action. The Court ordered the parties to brief the issue of jurisdiction to aid in its jurisdiction evaluation. R. Doc. 6. Plaintiff and Defendant have both filed their respective briefs. R. Docs. 7 & 8. The Court understands Defendant's briefing as asserting that this Court has jurisdiction over this case by virtue of his various federal law counterclaims against Plaintiff. R. Doc. 7. Plaintiff contends that

Defendant has failed to make any showing to support a finding that the Court has proper diversity or federal question jurisdiction over this case. R. Doc. 8. As such, Plaintiff contends that this matter should be remanded pursuant to Federal Rule of Civil Procedure 12. R. Doc. 8.

"The right to remove a case from state to federal court derives solely from the statutory grant of jurisdiction in 28 U.S.C. § 1441."[1] To determine whether subject matter jurisdiction exists for purposes of removal, courts "consider the claims in the state court petition as they existed at the time of removal."[2] Subsequent filings and proceedings generally do not deprive the district court of its subject matter jurisdiction.[3] Nevertheless, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[4]

Diversity jurisdiction exists in a civil action where the amount in controversy exceeds $75,000 and the parties are citizens of different states.[5] Further, counterclaims based on federal law brought by a removing defendant cannot serve to establish federal question jurisdiction under 28 U.S.C. § 1331.[6]

Here, although Plaintiff and Defendant are diverse, the amount in controversy is only $4,085.34, far below the required $75,000 threshold for this Court's diversity jurisdiction to be invoked. Similarly, the allegations of Plaintiff's Petition are not premised on any federal law that might give rise to federal question jurisdiction under 28 U.S.C. §1331.[7] Finally, Defendant's federal law counterclaims do not permit this Court to exercise its limited jurisdiction over this

---

[1] *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).
[3] *Cordova v. Louisiana State Univ. Health Sci. Ctr.*, 2021 WL 972738, at *2 (W.D. La. Mar. 1, 2021).
[4] *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[5] 23 U.S.C. § 1332.
[6] *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831-32 (2002).
[7] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

case.[8] The Court finds that it does not have proper subject matter jurisdiction over this matter.

Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 28th day of July 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[8] *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."; "Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents.").